## Appeal of HUNING MERCANTILE COMPANY.    Docket No. 15.

Taxpayer is entitled to a deduction from gross income of the amount of a promissory note ascertained to be worthless in the fiscal year 1920 and charged off as a bad debt in that year.

Submitted October 31, 1924; decided December 2, 1924.

*Fred D. Huning*, president of taxpayer corporation, for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before Ivins, Korner, and Marquette.

FINDINGS OF FACT.

1. Huning Mercantile Co. is a New Mexico corporation engaged in the general mercantile business at Los Lunas, N. Mex. In the course of its business the taxpayer extended credit to one W. G. Logan. The last payment made by Mr. Logan on this account was on April 3, 1915. On May 1, 1915, the balance of the account was $293.90. Additional credit was allowed with no payments on account until on March 7, 1919, Mr. Logan executed a 90-day promissory note of $1,997.48, secured by a second mortgage on certain property owned by him in El Paso, Tex.

2. Mr. Logan has never paid the interest on either mortgage, and the property is and was at the close of the taxpayer's fiscal year 1920 of insufficient value to discharge the first mortgage lien. Mr. Logan is, and was at the said date, insolvent.

3. The taxpayer was a small concern and kept a simple and somewhat archaic system of accounts. For some years prior to the year in question here it had been the practice of the taxpayer to charge off at the close of its fiscal year all debts ascertained to be worthless during the year. Then upon opening the books for the next fiscal year these receivables, so charged off, were returned to the books as memorandum entries, and at the close of the ensuing year, if they had not been paid during the year, were charged off again. The books of the taxpayer bear out the statement of the president that this was done consistently through several years in cases of bad debts and was for the purpose of memorandum reference only.

4. At the close of its fiscal year 1920 the taxpayer ascertained the note of W. G. Logan, above referred to, amounting to $1,997.48, to be worthless and charged off the same as a bad debt, and in its return of income tax for that year deducted that amount from gross income as a bad debt. Upon opening its books for the fiscal year 1921 the taxpayer again entered this item, as set out in paragraph 3 above. At the close of that year this entry was offset by a similar entry to that at the close of the fiscal year 1920.

5. Upon an examination of the taxpayer's books of account in 1923 an internal revenue agent disallowed the deduction in the fiscal year 1920, but allowed the deduction for the fiscal year 1921. The amount of this item was restored to income for the fiscal year 1920 by the agent, and upon audit the Commissioner determined a deficiency in tax to exist and notified the taxpayer of such determination by registered letter dated July 8, 1924. On August 12, 1924, the taxpayer initiated this appeal by filing a petition with the Board.

DECISION.

The taxpayer's claimed deduction of $1,997.48 should be allowed as a bad debt and the tax computed accordingly. Taxpayer has specifically consented to the immediate assessment of the proposed deficiency after allowance made for the deduction hereinabove referred to, and in consequence there is no necessity for settlement of final decision herein.

OPINION.

KORNER: The method employed by taxpayer in keeping its records was not in accord with approved methods of accounting and in the particulars set out in the findings of fact appears to have been rather artless. However, from the evidence submitted on behalf both of the Government and of the taxpayer, it is apparent that the Logan note was uncollectible in the fiscal year 1920 and at all times thereafter, and that the taxpayer was justified in ascertaining it to be worthless and in charging it off in that year as a bad debt.

We are of opinion that the subsequent carrying of this item on the books for memorandum purposes, while not good accounting, does not justify the restoration of this debt, which was undoubtedly worthless, to income. Books of account are intended to reflect the true condition of the taxpayer's affairs and to assist the Government in ascertaining true net income for taxation. When they do not do so they should bind neither the Government nor the taxpayer. In determining net income for purposes of taxation the actual facts and circumstances should control. We are of opinion that the debt in question was actually worthless at the close of the fiscal year 1920, when it was ascertained so to be by the taxpayer and by it charged off as such.